UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DENZIL RUSS PARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-108-TAV-HBG |
| | ) | |
| OFFICER RUSSELL PATTERSON and RAY SILER, | ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff filed this pro se prisoner's complaint under 42 U.S.C. § 1983, and a related motion to proceed *in forma pauperis* on or about March 11, 2020 [*See* Docs. 1 and 2]. On that same date, the Clerk mailed Plaintiff a notice advising him of his obligation to inform the Court of any change of address [Doc. 3]. Thereafter, on March 23, 2020, the Court entered an order advising Plaintiff of a deficiency with his *in forma pauperis* application and ordering him to cure the deficiency within thirty days [Doc. 4]. The Court's order also advised Plaintiff that failure to comply with the order would result in the dismissal of this case [*Id*.]. The Clerk's notice and the Court's order were both returned to the Court on March 30, 2020 [Doc. 5].

A subsequent search of the Tennessee Department of Correction's inmate locator revealed that Plaintiff was no longer housed at the address he provided to the Court, but rather, that he had been transferred to the Morgan County Correctional Complex ("MCCX"). *See* https://apps.tn.gov/foil-app/search.jsp (last accessed May 5, 2020). On

March 30, 2020, the Clerk's notice and the Court's deficiency order were remailed to Plaintiff at MCCX. More than thirty days have passed since this Court remailed its order to Plaintiff at his current address, and Plaintiff has not complied with this order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 4].[1]

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner seeking to proceed *in forma pauperis* [Doc. 1] who has failed to communicate with the Court since filing his initial complaint.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court otherwise notes that it is the duty of any pro se party to be familiar with the Court's local rules, which (1) require the pro se party to promptly notify the Clerk and adverse parties of any change in his or her address and (2) advise that the penalty for noncompliance could be the dismissal of the action. *See* E.D. Tenn. L.R. 83.13.

3

Case 3:20-cv-00108-TAV-HBG   Document 7   Filed 05/06/20   Page 3 of 3   PageID #: 27